BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE GRAND FUNK RAILROAD            )
TRADEMARK LITIGATION                 )   DOCKET NO. 145
                                     )

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL
_____

PER CURIAM

This litigation arises out of an intra-corporate dispute between three musicians and their manager, Terry Knight. The musicians filed an action in the Southern District of New York against Knight seeking rescission of their various business agreements and charging Knight with fraud, securities laws violations and mismanagement of the parties' corporation, Grand Funk Railroad Enterprises, Ltd. While that action was pending, the musicians embarked independently on a nationwide concert tour performing as Grand Funk Railroad, a trademark secured by the corporation. Knight concurrently brought twenty-nine trademark infringement actions around the country against the performers and local concert organizers seeking either to enjoin or recover profits from the performances.

The Panel ordered all parties to show cause why these actions should not be transferred to one district for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. The performers, Knight, and a few local defendants support transfer of all the actions to the Southern District of New York.

On the other hand, the majority of the local municipal auditorium defendants are strongly opposed to transfer. On the basis of the pleadings filed and the hearing held, we find that transfer of these actions at this time would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation.

The parties favoring transfer argue that the actions share common questions of fact concerning the validity and ownership of the trademark. They also assert that transfer to a single district will eliminate the possibility of inconsistent pretrial decisions on motions to stay proceedings which are pending in several of the infringement actions.

The parties opposing transfer argue that the infringement actions do not share any significant common questions of fact with each other because discovery in those actions will focus on the promotional activities which varied widely with each concert. The concert organizers also assert that they are merely third-parties to the underlying dispute between Knight and the performers. And they stress that since the original action in New York is at an advanced stage of discovery, transfer of the infringement actions may delay a decision on the underlying issue of trademark ownership.

These actions appear to contain limited common questions concerning the ownership of the Grand Funk Railroad trademark. And on its surface this litigation appears to resemble the actions in the Butterfield Patent Infringement Litigation, which we

transferred to a single district for coordinated or consolidated pretrial proceedings. <u>In re Butterfield Patent Infringement Litigation</u>, 328 F.Supp. 513 (J.P.M.L. 1970). But there are significant distinguishable differences. In the <u>Butterfield</u> litigation, for example, plaintiff alleged that his patent on a corneal contact lens was being directly infringed by established rival lens producers. The present litigation, however, was spawned by an intra-corporate struggle for control; and Knight implicated the concert organizers, whose interests in the trademark were purely transitory, in an unsuccessful effort to block each concert and force the performers to recognize him as a minority shareholder. In addition, there was little, if any, discovery on the common issues in the <u>Butterfield</u> actions at the time of transfer; but in the present infringement actions discovery on the ownership issue is almost complete and that question is nearly ripe for decision in the original action filed in the Southern District of New York. As a result of the advanced stage of pretrial proceedings in the original action, we find that transfer of all the subsequently filed infringement actions to the Southern District of New York at this time would needlessly entangle third parties in the fundamental dispute and only tend to delay the expeditious handling of that action.

Furthermore, the Panel must weigh any benefit that transfer would provide in the way of eliminating the possibility of inconsistent pretrial decisions against the efficient administration of the litigation as a whole. It is clear that

- 4 -

the discovery involving defendants' alleged infringement will focus on localized factual issues concerning the nature, scope, extent and effect of the alleged promotional activities. And inasmuch as the issue of trademark ownership is near the trial stage, transfer of these actions at this time will neither serve the convenience of the majority of the parties and witnesses nor promote the just and efficient conduct of the litigation. Our denial of transfer, however, is without prejudice to any party's right to renew their efforts toward coordinated or consolidated pretrial proceedings under Section 1407 if they feel future circumstances so require.

IT IS THEREFORE ORDERED that transfer of these actions to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 be, and the same hereby is, DENIED, without prejudice to the right of any party to move for transfer at a later time.

| SCHEDULE A | DOCKET NO. 145 |
|---|---|
| **SOUTHERN DISTRICT OF ALABAMA** | |
| Terry Knight, etc. v. The City of Mobil, Alabama, et al. | Civil Action No. 7522-73-H |
| **EASTERN DISTRICT OF ARKANSAS** | |
| Terry Knight, etc. v. Arkansas Livestock Show Assn., et al. | Civil Action No. LR73C-49 |
| **CENTRAL DISTRICT OF CALIFORNIA** | |
| Terry Knight, etc. v. The Forum of Inglewood, Inc., et al. | Civil Action No. 72-2817-MML |
| **NORTHERN DISTRICT OF CALIFORNIA** | |
| Terry Knight, etc. v. Oakland-Alameda County Coliseum, Inc., et al. | Civil Action No. 72-2179-LHB |
| **DISTRICT OF COLORADO** | |
| Terry Knight, etc. v. City and County of Denver, Colorado d/b/a Denver Coliseum, et al. | Civil Action No. C-4719 |
| **SOUTHERN DISTRICT OF GEORGIA** | |
| Terry Knight, etc. v. City of Savannah, Georgia, et al. | Civil Action No. 3072 |
| **SOUTHERN DISTRICT OF INDIANA** | |
| Terry Knight, etc. v. City of Evansville, et al. | Civil Action No. 73-C-8 |
| **SOUTHERN DISTRICT OF IOWA** | |
| Terry Knight, etc. v. Veterans Memorial Auditorium Commission, et al. | Civil Action No. 73-24-1 |
| **DISTRICT OF KANSAS** | |
| Terry Knight, etc. v. Wichita State University Intercollegiate Athletic Association, Inc., et al. | Civil Action No. W-5061 |

| SCHEDULE A | DOCKET NO. 145 |
|---|---|

### DISTRICT OF MARYLAND

| | |
|---|---|
| Terry Knight, etc. v. The Mayor and City Council of Baltimore, et al. | Civil Action No. 72-1242-H |

### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terry Knight, etc. v. Boston Garden Corp., et al. | Civil Action No. 72-3646-G |
| Terry Knight, etc. v. City of Springfield, Massachusetts, et al. | Civil Action No 72-3743-G |

### DISTRICT OF NEBRASKA

| | |
|---|---|
| Terry Knight, etc. v. City of Omaha, et al. | Civil Action No. CV73-0-137 |

### DISTRICT OF NEVADA

| | |
|---|---|
| Terry Knight, etc. v. Gana Productions, Inc., et al. | Civil Action No. 1954 |

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Terry Knight, etc. v. County of Nassau, et al. | Civil Action No. 72 C1629 |

### MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Terry Knight, etc. v. City of Winston-Salem, etc. | Civil Action No. C-60-WS-73 |

### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Terry Knight, etc. v. Oklahoma City Public Property Authority, et al. | Civil Action No. Civ-73-60B |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Terry Knight, etc. v. Spectrum Arena, Inc., et al. | Civil Action No. 72-2312 |

### DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Terry Knight, etc. v. Providence Civic Center Authority, et al. | Civil Action No. 5076 |

### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Knight, etc. v. Concept Entertainment Industries, Inc., et al. | Civil Action No. 73-152 |

| SCHEDULE A | DOCKET NO. 145 |
|---|---|
| **EASTERN DISTRICT OF TENNESSEE** | |
| Terry Knight, etc. v. City of Knoxville, Tennessee, et al. | Civil Action No. 8173 |
| **MIDDLE DISTRICT OF TENNESSEE** | |
| Terry Knight, etc. v. James Armistead, et al. | Civil Action No. 6878 |
| **WESTERN DISTRICT OF TENNESSEE** | |
| Terry Knight, etc. v. City of Memphis, Tennessee, et al. | Civil Action No. 73-56 |
| **EASTERN DISTRICT OF VIRGINIA** | |
| Terry Knight, etc. v. City of Richmond, Virginia, et al. | Civil Action No. 48-73-R |
| **SOUTHERN DISTRICT OF WEST VIRGINIA** | |
| Terry Knight, etc. v. National Shows, Inc., et al. | Civil Action No. CH-73-CA-29 |
| **SOUTHERN DISTRICT OF NEW YORK** | |
| Terry Knight, etc. v. Levinson & Ross, et al. | Civil Action No. 72 Civ. 3996 |
| Terry Knight, etc. v. Madison Square Garden Corp., et al. | Civil Action No. 72 Civ. 5110 |
| Terry Knight, etc. v. American Broadcasting Company, Inc., et al. | Civil Action No. 73 Civ. 346 |
| Mark Farner, et al. v. Terry Knight, et al. | Civil Action No. 72 Civ. 2026 |
| Terry Knight, etc. v. Arlen Realty & Development Corp., et al. | Civil Action No. 73 Civ. 3484 |